UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TYLIA R. MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br><br>    Defendant. | CAUSE NO.: 2:20-CV-70-TLS |

**OPINION AND ORDER**

The Plaintiff Tylia R. Martinez seeks review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) (1) erred in finding that the Plaintiff's anxiety and depression were not severe, (2) erred in the evaluation of the Plaintiff's conditions at step three, and (3) made an RFC determination that is not supported by substantial evidence. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On June 27, 2016, the Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on May 2, 2014. AR 24, ECF No. 8. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ via video on August 17, 2018. *Id.* On January 17, 2019, the ALJ issued a written decision, finding the Plaintiff not disabled. *Id.* at 24–35. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. *Id.* at 1–4. Thus, the ALJ's decision is the final decision of the Commissioner.

*Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On February 17, 2020, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 10, 12, 14.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 2, 2014, the alleged onset date. AR 26.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that the

Plaintiff has the severe impairments of degenerative disc disease of the lumbar and cervical spine, cervical and lumbar spondylosis, mild bilateral carpal tunnel syndrome, hypertension, and obesity. AR 26.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.02, 1.04, 4.04, 12.04, and 12.06. AR 27–29.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs and can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently use the bilateral upper extremities to handle, finger, and feel.

AR 29.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is capable of performing past relevant work as a

3

housekeeper and receptionist, noting that this work does not require work-related activities precluded by the Plaintiff's RFC. AR 33.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ determined, in the alternative, that the Plaintiff is not disabled because she can perform significant jobs in the national economy of office helper, mail clerk, label coder, address clerk, document preparer, and circuit board assembler. AR 34–35. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1512, 416.912.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises multiple arguments, but the Court need only address the one that compels remand. The ALJ did not properly evaluate the Plaintiff's anxiety and depression when concluding that the impairments were not severe and caused only mild limitations.

A.  **Evaluation of the Plaintiff's Anxiety and Depression**

When an ALJ evaluates the severity of a claimant's mental impairments, they are supposed to follow a "special technique." 20 C.F.R. §§ 404.1520a, 416.920a; *see Craft*, 539 F.3d at 674–75. This technique requires the ALJ to first determine whether the claimant has a

medically determinable mental impairment based on "pertinent symptoms, signs, and laboratory findings." 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). The ALJ then rates the degree of limitation caused by an impairment in four functional areas, otherwise known as the "B criteria": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* §§ 404.1520a(b)(2), (c)(3), 416.920a(b)(2), (c)(3); *see Craft*, 539 F.3d at 674. Each functional area can be rated as either none, mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). If a claimant's limitations are rated as "none" or "mild," the "impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1). If the ALJ determines that the mental impairment is severe, the ALJ assesses whether it meets or equals a listed mental disorder. *Id.* §§ 404.1520a(d)(2); 416.920a(d)(2). The relevant listings in this case are 12.04 and 12.06, which require an "extreme" limitation in one of the functional areas or a "marked" limitation in two areas in order for the listings to be met. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B). But even if the impairment is not severe, the ALJ is still obligated to "evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe." *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012).

In this case, the ALJ assessed the Plaintiff's impairments of anxiety and depression but determined that they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." AR 28. The ALJ evaluated the functional areas and, relying on the opinions of the agency's reviewing psychologists, concluded that the Plaintiff had only mild limitations in each category. *Id.* The ALJ noted that

the Plaintiff had normal mental examinations and that her own reports suggest she had capacity to interact with others and manage herself. *Id.*

On appeal, the Plaintiff argues that the ALJ erred in this analysis because the ALJ did not adequately address evidence showing that the Plaintiff's anxiety and depression were severe impairments that caused significant limitations in the B Criteria.[1] The Court agrees that remand is necessary due to errors in the ALJ's evaluation of the Plaintiff's anxiety and depression.

For starters, the ALJ downplayed the severity of the Plaintiff's impairments and cherrypicked evidence. Take, for instance, how the ALJ referenced Dr. Robbin's Progress Notes from February 2016: "[T]he claimant reported some symptoms of depression and the record documents 'mild symptoms' with a global assessment of functioning [GAF] of 61–70." AR 28 (citing *id.* 312–18). But when reviewing the entirety of those notes, they also reflect the Plaintiff's history of anxiety and depression, including complaints of poor sleep and concentration, variable energy, and mood swings. *Id.* at 312–13. The "Psychiatric Review of Systems" part of the notes identifies depressed mood, difficulty concentrating, insomnia, moodiness, suicide attempt, tearful, excessive worry, irritability, and hallucinations. *Id.* at 313. The Axis I assessment further indicates Major Depressive Disorder–recurrent and General Anxiety Disorder. *Id.* at 314. While the ALJ appropriately recognized a GAF score of 61–70 and

---

[1] The Plaintiff argues that the ALJ erred in evaluating the Plaintiff's mental impairments at both step two and step three. *See* Pl. Br. 14–17, 19–20, ECF No. 10. She further argues that the ALJ's error at step two could not be corrected in the ALJ's step three analysis. *See id.* at 16 n.5. However, considering the relevant listings and the "special technique" described in 20 C.F.R. § 404.1520a, there is significant overlap in the analysis for steps two and three. This is because the process of rating the four functional areas is relevant to both the initial severity determination (step two) as well as the listing determination (step three). *See* 20 C.F.R. §§ 404.1520a(d)(1)–(2), 416.920a(d)(1)–(2); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B). Indeed, the Seventh Circuit has said that "the special technique is used to evaluate mental impairments at *steps two and three* of the five-step evaluation." *Craft*, 539 F.3d at 674 (emphasis added); *see also* SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996) (explaining that limitations identified in the B criteria "are used to rate the severity of mental impairment(s) at steps 2 and 3"). Thus, the Court is not troubled by the ALJ's decision to consider the severity determination and the listing determination in a joint analysis. *See* AR 28.

mild symptoms, the failure to even acknowledge the countervailing evidence presented in Dr. Robbin's notes constitutes error. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (rejecting the "sound-bite" approach to record evaluation); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (explaining that an ALJ "was not permitted to 'cherry-pick' from [] mixed results to support a denial of benefits" (citations omitted)).

      This problem continues in the ALJ's assessment of the four areas of mental functioning and the conclusion that any limitations were mild. The ALJ states that the records document "normal" findings in psychiatric exams as to the Plaintiff's mood, affect, behavior, and thought content, with no deficits in intellect and cognition and only "short" memory deficits. AR 28. Similarly, the ALJ highlights "normal mental status examinations with good attention and concentration, adequate fund of knowledge, and no intellectual or memory deficits." *Id.* But in describing the Plaintiff's examinations as "normal," the ALJ does not explain how that comports with other evidence suggesting more severe impairments. This includes the Plaintiff's diagnoses of anxiety and depression disorders, *see, e.g., id.* 593, 718, 767, and abnormal findings related to her mood and affect, *see id.* at 313–14, 405, 416, 429, 440, 465, 598. Similarly, the ALJ did not discuss the Plaintiff's history of complaints about anxiety and depression and their effects, *see, e.g., id.* at 312–13, 428, 525, 739, nor her PHQ-9[2] scores that reflected moderate to severe depression, *see id.* at 748–50, 783–85. While subjective complaints alone are insufficient to establish a disability, *see* 20 C.F.R. §§ 404.1529(a), 416.929(a), they are still relevant when

---

[2] "The PHQ-9 is a questionnaire used to assist a clinician in diagnosing depression, as well as to quantify depression symptoms and monitor severity." *Pugh v. Saul*, No. 3:20-cv-651, 2021 WL 3116285, at *5 n.2 (N.D. Ind. June 11, 2021). Scores of 10–14 reflect moderate depression, 15–19 reflect moderately severe depression, and 20–27 reflect severe depression. *Id.* Although PHQ-9 scores are used to rate subjective complaints of depression, *see Dallas E. H. v. Kijakazi*, No. 20 C 2717, 2021 WL 4635802, at *7 (N.D. Ill. Oct. 7, 2021), they are helpful for determining the severity of symptoms and monitoring symptoms and treatment over time, *see Pugh*, 2021 WL 3116285, at *5 n.2.

evaluating mental impairments, *see O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (finding error, in part, because the ALJ said nothing about notes documenting serious symptoms, such as suicidal thoughts, angry and violent behavior, and staying in bed); *cf. Knapp v. Berryhill*, 741 F. App'x 324, 328 (7th Cir. 2018) (explaining that "[b]y necessity, . . . patients' self-reports often form the basis for psychological assessments"). Because the ALJ did not adequately consider this evidence or explain how it relates to the ultimate determination, the ALJ failed to "build an accurate and logical bridge between the evidence and the result." *Beardsley*, 758 F.3d at 837.

      The final issue with the ALJ's decision is the reliance on the state agency reviewing psychologists' opinions. The ALJ largely adopted those opinions because they were "consistent with the evidence as a whole" and because the psychologists have experience with evaluating social security cases. AR 28, 32. The problem with relying on those opinions is that they were dated November 16, 2016, *id.* at 69–90, and May 5, 2017, *id.* at 93–116, which means they did not account for new records from the Plaintiff's psychiatrist, Dr. Robbins. The records from Dr. Robbins provided additional insight into the Plaintiff's history of anxiety and depression—including the PHQ-9 scores, her reports of symptoms, and her medication—as well as additional abnormal findings as to memory, thoughts, appearance, and insight. *See id.* at 683, 703, 720–22, 739, 743, 750–51, 762, 771–73, 786. Considering that these records came from the Plaintiff's treating psychiatrist and provide a picture of the Plaintiff's condition over time, it is reasonable to think that they could have changed the reviewing psychologists' opinions. *See Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) ("An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion."); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016)

(stating that the ALJ erred by relying on an outdated assessment because the new evidence "could reasonably change the reviewing physician's opinion"). Therefore, the ALJ erred in relying on the outdated reports and should have sought a new assessment in light of this evidence.

In response to the Plaintiff's arguments, the Defendant contends that any error regarding the evaluation of the Plaintiff's anxiety and depression was harmless. *See* Def. Br. 8–9, ECF No. 12. The Defendant argues that the jobs identified in the ALJ's decision were all "unskilled" and required only limited social contact with the general public, supervisors, and coworkers. *Id.* However, this argument ignores the ultimate effect of the ALJ's error. Because the ALJ did not properly consider the evidence of the Plaintiff's anxiety and depression, the Court cannot be sure whether the restrictions imposed in her RFC were adequate or whether further restrictions were necessary. *See O'Connor-Spinner*, 832 F.3d at 698 (explaining that, by concluding the impairment was not severe, the ALJ did not have to "fully explore the restrictions caused" by the impairment); *Jelinek v. Astrue*, 662 F.3d 805, 813–14 (7th Cir. 2011) (requiring the ALJ to provide a "complete picture" of the claimant's RFC). Moreover, simply relying on the fact that the jobs are "unskilled" does little to show that any limitations resulting from her anxiety and depression had been addressed. *See Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (stating that limiting a claimant to "unskilled work" does not adequately account for limitations in concentration, persistence, and pace). Thus, the Court cannot conclude that any error related to the Plaintiff's anxiety and depression was harmless.

Accordingly, remand is necessary for the ALJ to reevaluate the severity of the Plaintiff's anxiety and depression, accounting for all the relevant evidence and providing an adequate explanation for the ultimate disability determination.

**B.    Other Arguments**

The Plaintiff makes several other arguments about the ALJ's decision. She argues that the ALJ erred at step three in evaluating whether her impairments meet or medically equal certain listings. But, as the ALJ notes, Plaintiff's counsel at the hearing conceded that the Plaintiff's impairments did not meet or equal a listing. *See* AR 48 ("ALJ: Do you contend any of the impairments or combination meet or equal any listing? ATTY: I do not, Your Honor, I believe this is more of a Step 5 claim."). Given this concession, it is best for the Court not to consider the Plaintiff's additional arguments regarding step three. *See Watkins v. Colvin*, No. 3:12-CV-491, 2014 WL 683849, at *8–9 (N.D. Ind. Feb. 21, 2014) (quoting *Levins v. Astrue*, No. 09-C-1067, 2010 WL 1881452, at *6 (E.D. Wis. May 10, 2010)). The Plaintiff also raises a host of issues related to how the ALJ formulated her RFC. However, proper consideration of the Plaintiff's anxiety and depression may alter the ALJ's RFC determination such that these issues need not be addressed at this time. The Plaintiff will have the opportunity to raise her concerns about step three and the RFC determination on remand.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 10] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on April 18, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

11