## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

TYLIA R. MARTINEZ,

Plaintiff,

v.                                              CAUSE NO.: 2:20-CV-70-TLS

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

Defendant.

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Petition for Attorney Fees Under the
Equal Access to Justice Act [ECF No. 17], filed on July 15, 2022. The Defendant filed a
Response [ECF No. 19], objecting to the amount of the award, and the Plaintiff filed a Reply
[ECF No. 20]. For the reasons set forth below, the motion for EAJA fees is GRANTED.

## LEGAL STANDARD

The EAJA provides for an award of reasonable attorney fees and expenses to a
"prevailing party in any civil action brought . . . against the United States or any agency or any
official of the United States," 28 U.S.C. § 2412(b), where the government's position was not
"substantially justified" and where no "special circumstances make an award unjust," 28 U.S.C.
§ 2412(d)(1)(A). This language and the remaining provisions of the statute grant district courts
the discretion to award attorney fees if four elements are established: (1) the claimant is a
"prevailing party;" (2) the government's position was not substantially justified; (3) there are no
special circumstances making an award unjust; and (4) the fee application is submitted to the
Court within thirty days of final judgment and is supported by an itemized statement.
*Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

Additionally, the claimant has the burden of proving that the EAJA fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). When evaluating reasonableness, the Court considers a variety of factors including, among other things, the time and labor required, the novelty of the issues, the skill required, and, most importantly, the results obtained. *Id.* at 430 n.3, 434. Counsel is also expected to exercise billing judgment, which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). Thus, counsel should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Hensley*, 461 U.S. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended, and we may reduce the amount of the award accordingly." (citations and internal quotation marks omitted)). The amount of the fee is ultimately left to the Court's discretion due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

## DISCUSSION

In the Plaintiff's motion, she originally requested $14,323.99 in EAJA fees. Pl. Mot., ECF No. 17. However, the Plaintiff later modified the fee request by lowering her attorney hourly rate and by adding attorney hours for the time spent preparing the reply brief on EAJA fees. *See* Pl. Reply 15, ECF No. 20. Therefore, the Plaintiff now seeks $14,441.35 in attorney fees.[1] *Id.* This amount is based on 59.3 attorney hours, charged at an hourly rate of $207.78, and 21.2 paralegal hours, charged at an hourly rate of $100.00. *See id.*; Pl. Ex. B, ECF No. 17-2

---

[1] Although the Plaintiff actually requests $14,441.36 in her reply, this appears to be an error caused by adding two numbers that were rounded up. Instead, the Plaintiff should have added up the total number of attorney hours and paralegal hours before multiplying them by their respective hourly rates: (59.3 hours x $207.78) + (21.2 hours x $100.00) = $14,441.354. Rounded to the nearest penny: $14,441.35.

(itemized time entries); ECF No. 20-1 (attorney hourly rate calculation). The Defendant does not contest whether the Plaintiff is entitled to EAJA fees but argues that the amount is unreasonable due to the hourly rate and the number of hours.

## A.     Hourly Rate

The Court begins by determining the appropriate hourly rates for the attorneys and paralegal. The Plaintiff requests an hourly rate of $100.00 for the paralegal, *see* Pl. Br. 7, ECF No. 18, to which the Defendant does not object. Since courts generally view this rate as reasonable, *see, e.g., Davenport v. Colvin*, No. 2:11-CV-402, 2013 WL 5701060, at *2 (N.D. Ind. Oct. 17, 2013), the Court will apply an hourly rate of $100.00 to the paralegal's work in this case.

As for the attorneys' hourly rate, the Defendant argues that the appropriate rate should be either the 2020 Midwest Urban CPI rate of $197.79 or the 2020 National CPI rate of $207.78. Def. Resp. 3, ECF No. 19. Although the Plaintiff originally requested the 2021 National CPI rate of $217.54, *see* Pl. Br. 7, she has no problem applying the 2020 National CPI rate to the attorneys' hours, *see* Pl. Reply 2. The Seventh Circuit has left the issue of whether to apply the national or regional rate to the district court's discretion, *see Sprinkle v. Colvin*, 777 F.3d 421, 428 n.2 (7th Cir. 2015), and courts in this district have applied both rates in previous cases, *see, e.g., Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *3 (N.D. Ind. Aug. 23, 2016) (collecting cases). Considering both parties seem to recognize that the 2020 National CPI rate is reasonable, the Court will use it to apply an hourly rate of $207.78 to the attorneys' work.

## B.     Number of Hours

The next issue is whether the number of hours expended in this case was reasonable. The Plaintiff's counsel represents that a total of 80.5 hours were spent working on this case, which

included 59.3 attorney hours and 21.2 paralegal hours. *See* Pl. Ex. B; Pl. Reply 15. This time corresponds to 44.2 hours working on the opening brief, 18.1 hours working on the reply brief, and 18.2 hours working on other tasks, such as corresponding with the agency, preparing the complaint, and preparing the EAJA fee petition. *See id.* In response, the Defendant argues that the number of hours is excessive and that a total of 50 attorney hours is more appropriate. Def. Resp. 5. The Court finds that the Plaintiff's hours were reasonable and will award them in full.

To start, the Plaintiff's counsel did a good job briefing this case and ultimately secured reversal of the ALJ's decision. The arguments raised were well-researched and properly supported by the evidence, and it is clear that counsel engaged in a thorough review of the 794-page record. It does not strike the Court as unreasonable for Plaintiff's counsel to have spent 44.2 hours preparing the 25-page opening brief and 18.1 hours preparing the 15-page reply brief. *See Garcia v. Colvin*, No. 1:11-CV-165, 2013 WL 1343662, at *4 (N.D. Ind. Apr. 3, 2013) (explaining that the court is "loathe to second-guess the reasonableness of time" spent preparing briefs because it is the only method to present a social security case to the court (citation omitted)). As for the time spent on other aspects of the case—i.e., corresponding with the Plaintiff and the agency and preparing other filings—the Defendant has not specifically challenged those time entries and they appear to be consistent with ordinary case management.

The Defendant argues that an appropriate range of hours for social security cases is 40–60 hours, and that the Plaintiff's case should fall in this range since it did not present any unique issues. This argument is not persuasive. While it is true that courts in the Seventh Circuit have found fees within the range of 40–60 hours reasonable, that "does not, in itself, make higher hours unreasonable." *Franklin v. Berryhill*, No. 1:17-CV-202, 2018 WL 1633778, at *1–2 (N.D. Ind. Apr. 5, 2018). As just explained, the Plaintiff's counsel was an effective advocate, and the

Court is not inclined to reduce the number of hours based on "a generic comparison of time spent on different cases." *Delgado v. Astrue*, No. 11 CV 2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012). Moreover, simply because the Plaintiff raised common social security arguments on appeal, that does not automatically mean the amount of time spent on the case was unreasonable. Even routine social security issues take time to properly review the record, identify evidence that was overlooked, and explain why any problems were material to the outcome. *Trewyn v. Saul*, No. 1:19-CV-218, 2020 WL 7258686, at *3 (N.D. Ind. Dec. 10, 2020).

In a similar argument, the Defendant contends that the Plaintiff's counsel should not be credited for the time spent on weak arguments or arguments that the Court did not address. But the Court's decision to not address certain arguments does not warrant a reduction because "it was prudent for [the Plaintiff] to have made reasonable argument on all grounds." *Hargrove v. Berryhill*, No. 1:16-cv-1922, 2018 WL 828458, at *2 (S.D. Ind. Feb. 12, 2018). The Court said it was not addressing arguments about the Plaintiff's RFC because the issue requiring remand may alter the ALJ's subsequent RFC determination. Apr. 18, 2022 Op. & Order 11, ECF No. 15. That does not mean it was wrong for the Plaintiff's counsel to have spent time briefing those issues. Even for the argument that appeared to be conceded, *see id.*, the Plaintiff's brief acknowledged the caselaw and raised arguments for why there should be an exception, *see* Pl. Opening Br. 18 n.8, ECF No. 10. The Plaintiff's counsel should not be penalized for engaging in reasonable advocacy.

Next, the Defendant argues that the Plaintiff's counsel spent too much time preparing the Statement of Facts, specifically identifying roughly 20 hours of the paralegal's time entries. However, the time entries indicate that those 20 hours were not only spent drafting the fact section but were also spent reviewing case materials. *See* Pl. Ex. B. Time spent reviewing the

record is an important task for raising meritorious arguments on appeal and securing a remand. *See Trewyn*, 2020 WL 7258686, at \*3. Thus, it is not clear why 20 hours of substantive paralegal work—which is being charged at a lower hourly rate of $100.00—should not be compensated. *See Monk*, 2016 WL 4445659, at \*4 (explaining that substantive paralegal work on a social security appeal "is compensable under the EAJA").

Finally, the Defendant argues that the itemized time entries do not provide enough detail because they include some grouped entries and do not break out how many hours were spent on specific arguments. "[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *see Buis v. Colvin*, No. 1:13-cv-878, 2015 WL 6393937, at \*7 (S.D. Ind. Oct. 22, 2015). That being said, counsel "is not required to record in great detail how each minute of his time was expended," but "should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. The Court agrees that it would have been better for Plaintiff's counsel to provide greater specificity in the time entries. *See Jensen v. Berryhill*, 343 F. Supp. 3d 860, 864 (E.D. Wis. 2018). However, the Court will not reduce the fees on this basis alone. The overall time spent on this case was reasonable, and the entries include enough information for the Court to understand how the time was spent.

Accordingly, the Court awards EAJA fees for the full 59.3 attorney hours and 21.2 paralegal hours requested by the Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act [ECF No. 17] and awards the Plaintiff a total of $14,441.35 in attorney fees. The Defendant will direct the award, less any amount for a pre-existing debt subject to federal offset, *see Astrue v. Ratliff*, 560 U.S. 586, 596–98 (2010), be made payable to the Plaintiff's attorneys pursuant to the EAJA assignment signed by the Plaintiff and her counsel.

SO ORDERED on August 15, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT